HLD-192    (August 2010)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2696
_____

JAMES E. MURPHY,
                                        Appellant

v.

WARDEN JOHN WETZEL; UNITED STATES OF AMERICA; JUDGE WILLIAM
W. CALDWELL; ATTORNEY DARYL F. BLOOM; ATTORNEY GERALD A. LORD
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-01107)
District Judge:   Honorable John E. Jones, III
_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 August 31, 2010

Before:   MCKEE, Chief Judge, SCIRICA and WEIS, Circuit Judges

Opinion filed: October 12, 2010
_____

OPINION
_____

PER CURIAM.

        In July 2009, James Murphy was convicted of drug trafficking charges.   On

May 24, 2010, before he was sentenced, Murphy filed a pro se habeas petition pursuant to

1

28 U.S.C. § 2241.[1]   He challenged his conviction and sought injunctive relief and immediate release.   The District Court dismissed the § 2241 petition for lack of jurisdiction, and Murphy filed a notice of appeal.   Murphy was subsequently sentenced to 360 months in prison and has filed a separate appeal challenging his conviction and sentence.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions.   Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).   Under the explicit terms of 28 U.S.C. § 2255, a § 2241 petition cannot be entertained by a court unless a §2255 motion would be "inadequate or ineffective."   Section 2255 applies to "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . ."   28 U.S.C. § 2255(a).   Thus, until he was sentenced, Murphy could not use § 2255 to challenge his conviction. Habeas relief under § 2241 is available to those in custody in violation of the Constitution or laws of the United States.   28 U.S.C. § 2241(c)(3).   Therefore, the District Court did have jurisdiction over Murphy's § 2241 petition at the time it was filed.   However, that does not mean that a § 2241 petition was an appropriate vehicle for Murphy's claims. His remedy was to appeal his conviction and sentence, and he has done so.

---

[1]   Murphy was represented by counsel in his criminal proceedings at the time he filed his § 2241 petition.

Summary action is appropriate if there is no substantial question presented in the appeal.  See Third Circuit LAR 27.4.  For the above reasons, we will summarily affirm the District Court's order.  See Third Circuit I.O.P. 10.6.  Murphy's motions for bail, to expedite, to incorporate supplemental exhibits, for an injunction, and for the appointment of counsel are denied.